### Neva M. Stewart *vs.* Anna D. Gilbert, et al.

Androscoggin.   Opinion October 3, 1916.

*Effect of finding of single Justice sitting in Equity.   Statute of Frauds.*
*What will constitute partial performance sufficient to take*
*contract out of Statute of Frauds.*

1. It is a rule well established in this jurisdiction that the decision of a single justice upon matters of fact in an equity case should not be reversed unless the appellate court is clearly convinced of its incorrectness and that the burden of showing error is upon the appellant.   The rule prevails where the issue must be supported by full, clear and convincing evidence.

2. While proof of part performance, in order to take a contract for the conveyance of real estate out of the statute of frauds, must be clear and convincing, the acceptance by defendant of a substantial sum in part or full payment and permitting the plaintiff to take possession of the premises, expend sums in improvement or repairs and collect the rents is such evidence.

Bill in equity praying for specific performance of an alleged oral contract for the sale of real estate. Defendants filed demurrers to bill and also filed answers, setting forth in substance that there was not a sufficient legal contract which was enforceable. After hearing, presiding Justice decreed that conveyance be made as prayed for in bill. Defendants appealed to Law Court. Decree below affirmed.

Case stated in opinion.

*McGillicuddy & Morey,* for plaintiff.

*Newell & Woodside,* for defendants.

SITTING: CORNISH, KING, BIRD, HALEY, PHILBROOK, MADIGAN, JJ.

BIRD, J.. This is a bill in equity brought for the specific performance of an alleged oral contract for the sale of real estate. The single Justice after an oral hearing of the witnesses made certain findings of fact to the effect that the defendants did agree to convey to the plaintiff the premises described in her bill; that the plaintiff paid them therefor the sum of fifteen hundred dollars; that under the agreement plaintiff entered into possession, and with the knowledge of defendants, made a lease of and repairs upon the premises and that she is entitled to sustain her bill. A decree followed accordingly from which the defendants appealed.

The well established rule in this State is that the decision of a single Justice upon matters of fact in an equity case should not be reversed unless the appellate court is clearly convinced of its incorrectness and that the burden of proving error is. upon the party appealing. *Sposedo* v. *Merriman,* 111 Maine, 530, 538; *Haggett* v. *Jones,* Id., 348. And the rule prevails where an issue must be supported by full, clear and convincing evidence.

We conclude that the single Justice was warranted in finding the alleged agreement to have been made. The defendants urge that the evidence was insufficient to take the contract out of the statute of frauds. In *Goodwin* v. *Smith,* 89 Maine, 506, 508, the court says,. that the proof of part performance, in order to take the contract out of the operation of the statute of frauds, must be clear and convincing, clear and satisfactory—and held that the accept-

ance by the defendant of a substantial sum in part payment, and permitting the plaintiff to take possession of the land and expend a large sum in improvements in such evidence.

*The decree below is affirmed.*